**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

UNITEDHEALTHCARE INSURANCE COMPANY
9700 Healthcare Lane,
Minnetonka, MN 55343

UNITED HEALTHCARE SERVICES, INC.
9700 Healthcare Lane,
Minnetonka, MN 55343

Plaintiffs,

v.

NIKELL A. COPELAND, individually and as The Personal representative of the ESTATE OF MONYETTE MARIE STEPHENSON
154 Leeds Creek Circle
Odenton, MD 21113
Anne Arundel County

CAMIRA STEPHENSON,
_________

DARIUS STEPHENSON, as the Personal Representative of the ESTATE OF TRIMALL STEPHENSON
7506 Reserve Circle, Apt. 202
Windsor Mill, MD 21244-1583
Baltimore County

Defendants.

## COMPLAINT FOR INTERPLEADER

Plaintiffs UnitedHealthcare Insurance Company ("UHIC") and United Healthcare Services, Inc. ("UHS") bring this Complaint for Interpleader, pursuant to Federal Rule of Civil Procedure 22, against Defendants Nikell A. Copeland, both individually and as the personal representative of the Estate of Monyette Marie Stephenson, Darius Stephenson, as the personal

representative of the Estate of Trimall Stephenson, and Camira Stephenson, individually. In support of its cause of action, UHIC and UHS state the following:

## PARTIES

1. UHIC is a Connecticut corporation with its principal place of business in Minnesota and, therefore, is a citizen of Connecticut and Minnesota.

2. UHS is a Minnesota corporation with its principal place of business in Minnesota and, therefore, is a citizen of Minnesota.

3. Upon information and belief, Monyette Stephenson was a resident and citizen of Maryland at the time of her death. Defendant Nikell A. Copeland ("Copeland") is an individual residing in Maryland and a citizen of Maryland. Copeland serves as the personal representative of the Estate of Monyette Marie Stephenson ("Estate of Monyette"), which estate was created and is administered under Maryland law and is a citizen of Maryland. 28 U.S.C. § 1332(c)(2).

4. Upon information and belief, Trimall Stephenson was a resident and citizen of Maryland at the time of his death. Defendant Darius Stephenson ("Stephenson") is an individual residing in Maryland and a citizen of Maryland. Stephenson serves as the personal representative of the Estate of Trimall Stephenson ("Estate of Trimall"), which estate was created and is administered under Maryland law and is a citizen of Maryland. 28 U.S.C. § 1332(c)(2).

5. Upon information and belief, Camira Stephenson is an individual residing in Maryland and citizen of Maryland.

## JURISDICTION, VENUE AND DIVISION

6. This interpleader action is brought in accordance with Federal Rule of Civil Procedure 22.

7. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 in that the adverse claimants are diverse from Plaintiffs and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. This Court also has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1), in that this action involves competing claims for life insurance benefits governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Defendants, as actual, putative, or potential beneficiaries of the benefits, could bring an action against Plaintiffs for recovery under ERISA's civil remedies provisions, 29 U.S.C. § 1132. Thus, subject matter jurisdiction exists in this matter because the potential actions would present a substantial question of federal law. Plaintiffs seek interpleader, a form of equitable relief, available pursuant to 29 U.S.C. § 1132(a)(3).

9. Venue is proper in the United States District Court for the District of Maryland under 28 U.S.C. § 1391 because both the personal representative Defendants reside in the district and are citizens of Maryland and a substantial part of the events giving rise to this action occurred in the district.

10. This case should be assigned to the Northern Division, because Defendant Stephenson resides in Baltimore County and Defendant Copeland resides in Anne Arundel County. The decedent spouses, discussed herein, both resided in Baltimore County at the time of their death. Also, a substantial part of the events giving rise to this action occurred in the division.

## FACTS

11. UHIC issued a group insurance policy to UHS, policy No. 303692 (the "Policy") (copy attached as Exhibit 1).

12. The Policy funds benefits available under a "welfare benefit plan," of which UHS is the "sponsor," as defined in ERISA (the "Plan").

13. UHIC is the claims administrator for the Plan and is tasked with making claims decisions related to the payment of benefits under the Plan.

14. The Plan provides for the payment of life insurance benefits to beneficiaries of the Plan upon the satisfaction of all terms and conditions of the Policy.

15. Monyette M. Stephenson ("Monyette") was a "Covered Person," as that term is defined in the Policy, who elected life insurance coverage on the life of her legal spouse and "Dependent," as that term is defined in the Policy, Trimall Stephenson ("Trimall").

16. Monyette elected life insurance coverage on her spouse, Trimall, in the amount of $150,000.00 (the "Plan Benefit").

17. Monyette and Trimall remained married at the time of their death, but, at the time of their death, they had separated and lived in separate residences, both residences located within Baltimore County.

18. The Policy contains the following relevant definitions:

> Covered Person: The Employee insured under the Policy….
>
> Dependent: the Covered Person's Spouse or Child.

(Ex. 1 at 8.)

19. The Policy allows Covered Persons to name a beneficiary for life insurance on themselves. But, for Dependent Life Insurance, the Policy does not allow for a written designation of the beneficiary, and it provides that the Plan Benefit is to be paid in the following priority:

> **LIFE INSURANCE BENEFIT FOR DEPENDENTS . . .**
> **Beneficiary**: Benefits will be paid to:
> 1. the Covered Person [i.e., Monyette], if living;
> 2. the legal Spouse of the Covered Person [i.e., Trimall], if the Covered Person is not living; or
> 3. the estate of the Dependent [i.e., Estate of Trimall], if the legal Spouse of the Covered Person is not living.

(Ex. 1 at 26 [emphasis added].)

20. UHIC, as the insurer and the claims administrator for the Plan, must administer claims in accordance with the terms and conditions of the Plan documents, including the Policy. *See* 29 U.S.C. § 1104(a)(1)(D) (a "fiduciary shall discharge his duties with respect to a plan . . . in accordance with the documents and instruments governing such plan.").

21. UHIC received a claim for the Plan Benefit from Copeland.

22. The claim reported and documented that Monyette died on June 16, 2025, at 10:28 a.m., within Anne Arundel County in Maryland, due to a "GUN SHOT WOUND TO THE HEAD," with the gun being shot by Trimall. The death was identified as a "HOMICIDE" on Monyette's death certificate. (Ex. 2, Monyette Death Certificate.)

23. The claim further reported and documented that Trimall died later the same day, at 1:55 p.m., at the Woodrow Wilson Service Area off the New Jersey turnpike, within New Jersey, due to "Suicide" in that "Subject shot himself." (Ex. 3, Trimall Death Certificate.)

24. Upon investigation, UHIC determined that Monyette died before Trimall, and, under the Plan language quoted above, the Plan Benefit was payable to the Estate of Trimall.

25. The Estate of Monyette, through Copeland, contested the payment of the Plan Benefit to the Estate of Trimall and contends that the Plan Benefit is owed to it and/or Copeland and Camira Stephenson, due to the application of MD Code, Estate & Trusts, Section 11-112 (the "Slayer Statute"), in that Monyette died in a murder-suicide event committed by Trimall and/or through other laws and or rules applicable to the claim.

26. The Estate of Monyette has provided an order, issued by the Orphan's Court for Baltimore County, Maryland, dated January 9, 2026 (copy attached as Exhibit 4), finding, among other things, that Trimall is a "disqualified person[] within the meaning of the Slayer's Rule and Md. Code Ann., Est. & Trusts § 11-112 relating to the death of Monyette M. Stephenson."

27. The Estate of Monyette maintains that the proper beneficiaries of the Plan Benefit are the Estate of Monyette and/or Monyette's two surviving children, Copeland and Camira Stephenson.

28. The Policy was issued by a Minnesota corporation to a Minnesota corporation, but acceptance occurred in Connecticut. The decedents resided in Maryland, and the events giving rise to the claim occurred in Maryland and New Jersey. The Estates are located in and governed by the laws of Maryland. Additionally, when Plan documents are silent on an issue, federal common law can apply to fill in gaps. Given all this, it is uncertain whether state or federal law would provide the answer and, if state law, which state's law would apply to the Policy and to the determination of the proper beneficiary. And, even if the Slayer Statute did prevent the Estate of Trimall and heirs from recovering the benefit, it is uncertain which of the remaining claimants (the Estate of Monyette and the daughters) may be entitled to it.

29. The parties have been unable to reach agreement on the proper beneficiaries of the Plan Benefit, and the two Estates have not released claims to the Plan Benefit.

30. UHIC has received no other claims for the Plan Benefit than those discussed herein, and it is not aware of any other competing claim. None of the Defendants have contended that any other person or entity is a proper beneficiary of the Plan Benefit.

**BASIS FOR INTERPLEADER**

31. Because of the foregoing facts and circumstances, UHIC and UHS cannot reasonably pay the Plan Benefit to any Defendant without subjecting themselves to the possibility of double or multiple liability.

32. UHIC and UHS are unable to determine the proper beneficiary of the Plan Benefit due to the uncertainty regarding the application of the Slayer Statute and the applicable state law to make such a determination.

33. UHIC and UHS are disinterested stakeholders in the Plan Benefit, as they admit the Plan Benefit is payable, and they claim no beneficial or other interest in it.

34. This action has not been brought collusively with or at the insistence of any Defendant or for the purpose of giving advantage to any one of the Defendants.

35. UHIC and UHS have filed this action of their own accord and for the sole purpose of bringing and paying into the court the Plan Benefit, interpleading the Defendants, and compelling them to litigate this matter among themselves without involving UHIC or UHS.

36. UHIC and UHS request this Court allow them to deposit with the Court the Plan Benefit, with accrued interest, and they hereby tender that amount.

WHEREFORE, Plaintiffs respectfully request that the Court order the following:

A. that Plaintiffs be ordered to pay the Plan Benefit, with accrued interest, into the registry of the Court, pursuant to Federal Rule of Civil Procedure 67 and the Court's Standing Order 2017-01, to be placed in an interest-bearing account by the Clerk of the Court, pending judgment;

B. that the Court enter an Order enjoining and restraining Defendants from instituting or prosecuting any action or proceeding against Plaintiffs related to the Plan Benefit;

C. that Defendants be required to interplead and settle between and among themselves the rights to the Plan Benefit;

D. that Plaintiffs be released and discharged from any and all liability and the Policy and Plan with respect to the Plan Benefit; and

E. for such other relief as the Court deems just and proper.

Respectfully submitted,
STINSON LLP

*/s/ Shelby E. Kostolni*

Shelby E. Kostolni (No. 31362)
1775 Pennsylvania Avenue, Suite 800
Washington, DC 20006
202.728.3035 / 202.572.9956 (F)
shelby.kostolni@stinson.com

Attorneys for Plaintiffs